RECEIVED
IN ALEXANDRIA, LA

APR 28 2009

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| OTIS HASTY (B.O.P.#10813-058) | DOCKET NO. 08-CV-1705; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| WARDEN FREDERICK MENIFEE, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

**REPORT AND RECOMMENDATION**

Before the Court is a civil rights complaint filed by *pro se* plaintiff, Otis Hasty, pursuant to the Federal Tort Claims Act (28 U.S.C. §2672 et seq.) and/or Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics[1]. Plaintiff is an inmate in the custody of the Federal Bureau of Prisons ("BOP"), and he is currently being housed in North Carolina. However, his claim involves an attack by other inmates while he was incarcerated at United States Penitentiary, Pollock, Louisiana (USP-P). Plaintiff names as defendants Warden Frederick Menifee and Officer Wright.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

---

[1] In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C.A. § 1983. See Zuspann v. Brown, 60 F.3d 1156, 1157 n. 2 (5th Cir.1995).

## FACTUAL BACKGROUND

Plaintiff alleges that, on May 23, 2007, while waiting for a dental appointment at USP-P, Officer Wright unlocked the door to the Health Services area to allow five white male inmates into the waiting area where Plaintiff was waiting. Those five inmates attacked Plaintiff by hitting and kicking him, resulting in lacerations to his face, pain in his face, legs, and torso, and the loss of three upper teeth.

## LAW AND ANALYSIS

Plaintiff states that his suit is a civil rights action filed pursuant to Bivens; he claims that the defendants are liable for violating his Eighth Amendment right to be free from cruel and unusual punishment.[2] Under the Eighth Amendment, prisoners have a right to be protected from violence at the hands of other prisoners. See Farmer v. Brennan, 511 U.S. 825 (1994). However, the Eighth Amendment mandates 'reasonable' safety, not 'absolute'

---

[2] In Plaintiff's exhibits, he included a letter from the United States Department of Justice denying Plaintiff's administrative tort claim under the Federal Tort Claims Act (F.T.C.A.). Plaintiff does not present his claim under the F.T.C.A., and he does not seek to hold the United States liable for the actions of Officer Wright. The only proper defendant for an FTCA action is the United States of America. See 28 U.S.C. § 1346(b); Atorie Air, Inc. v. Fed. Aviation Admin., 942 F.2d 954, 957 (5th Cir.1991) (stating all FTCA actions must be brought against the United States). Thus, if Plaintiff had presented his claim as one under the F.T.C.A., the claim would be subject to dismissal.

safety. See Newton v. Black, 133 F.3d 301, 307 (5th Cir. 1998). "Prison officials are not... expected to prevent all inmate-on-inmate violence." Adames v. Perez, 331 F.3d 508, 512 (5th Cir. 2003). Under Farmer, an inmate must show (1) that he is incarcerated under conditions posing a substantial risk of serious harm and (2) that prison officials were deliberately indifferent to the inmate's safety. Id. at 834.

The test for "deliberate indifference" is a subjective test: The prison official must know of and disregard an excessive risk to inmate safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. See Farmer v. Brennan, 511 U.S. at 837. Thus, a prison official can only be held liable if he deliberately ignored a clear danger to a prisoner after the official had been made aware of the danger. Farmer, 511 U.S. 825 (1994).

Plaintiff has not alleged facts indicating deliberate indifference in this case. He claims that Officer Wright did not follow BOP policy and program statements. Even if Plaintiff could prove that allegation, such violations do not rise to the level of a constitutional violation. See Hernandez v. Estelle, 788 F.2d 1154, 1158 (5th Cir. 1986) (holding that the mere failure of a prison official to follow the prison's own regulation or policy does not amount to a constitutional violation).

Plaintiff also alleges that, at the time of his attack, USP-P had just ended a period of "lock-down" due to the deaths of one African-American inmate and one Caucasian inmate. Plaintiff's assault occurred within one week of the termination of "lock-down." Thus, Plaintiff claims that Officer Wright was negligent and unreasonable in his actions because he "'knew or should have known' to be on high alert and on the look out for further racially motivated incidents to occur within the institution's general population...." [Doc. #6, p.9] As noted above, the correct legal standard is whether the defendants had *actual knowledge* of a substantial risk that Plaintiff would be assaulted by these five inmates **and** responded with deliberate indifference, not whether the jail officers "knew or should have known" of the risk. See Farmer, 511 U.S. at 837; Hare v. City of Corinth, MS, 74 F.3d 633, 650 (5th Cir. 1996)(correct legal standard not whether jail officials "knew or should have known" but whether they had actual knowledge of inmate's risk of suicide and responded with deliberate indifference).

The five inmates that attacked Plaintiff acted reprehensibly; however, not every injury suffered by one prisoner at the hands of another translates into constitutional liability for prison officials responsible for the victim's safety. See Farmer v. Brennan, 511 U.S. 825, 834 (1994). Plaintiff has not presented allegations of deliberate indifference by Officer Wright; thus, he

fails to state a claim for which relief can be granted.

Plaintiff also fails to state a claim against Warden Menifee, as he has presented no factual allegations involving the warden in his claim. Presumably, Plaintiff named Warden Menifee due to his supervisory role as Warden of the institution. However, "[s]upervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; and (ii) they implement unconstitutional policies that causally result in Plaintiff's injuries." Mouille v. City of Live Oak, Tex., 977 F.2d 924, 929 (5th Cir.1992), cert. denied, 508 U.S. 951 (1993). Vicarious liability - holding one liable for the acts of his subordinate - does not apply to § 1983 claims. See Pierce v. Texas Dept. of Crim. Justice, Inst. Div., 37 F.3d 1146, 1150 (5th Cir.1994), cert. denied, 514 U.S. 1107 (1995). "Personal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir.), cert. denied, 464 U.S. 897 (1983). Because Plaintiff has not alleged personal involvement on the part of the warden, that claim should also be dismissed.

## CONCLUSION

For the forgoing reasons, **IT IS RECOMMENDED THAT** Plaintiff's claim be **DISMISSED WITH PREJUDICE** as failing to state a claim for which relief can be granted, in accordance with the provisions of 28 U.S.C. §1915(e)(2)(B).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 28th day April, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE